IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT HALE,

        Plaintiff,

vs.                                                                                      CIVIL NO. 00-1290 LFG/RLP

CITY OF ALBUQUERQUE et al.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court *sua sponte*. On November 1, 2001, the Court issued an order directing Plaintiff Robert Hale ("Hale") to show cause why Rule 16 sanctions, including dismissal of his case, should not be imposed. The Court's show cause order was issued as a result of Hale's failure to appear for a Fed. R. Civ. P. 16 settlement conference on October 29, 2001. Hale neither sought nor obtained the Court's consent to excuse his absence or to vacate the conference.

At the Rule 16 conference, the Court was apprised by defense counsel Kathryn Levy that Hale had similarly failed to appear for his properly noticed deposition. Hale neither filed a motion for protective order nor an appropriate notice of non-appearance, all in violation of court rules.

Notwithstanding the Court's directive that Hale show cause by written response and supporting affidavit why sanctions, including dismissal of his case with prejudice, should not be entered, Hale ignored the Court's directive and failed to file a response.

Under these circumstances, sanctions are appropriate. The Court recognizes that dismissal of a party's lawsuit represents an extreme sanction and, therefore, is only appropriate in cases of willful misconduct. Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992); Meade v. Grubbs, 841

F.2d 1512, 1520 n. 6 (10th Cir. 1988). If a lesser sanction will deter the errant party from further misconduct, then a sanction other than dismissal should be utilized. A dismissal with prejudice defeats a litigant's right of access to the courts and, therefore, it is used sparingly and only as a last rather as a first resort.

Ehrenhaus v. Reynolds requires the Court to consider a number of factors prior to choosing dismissal as an appropriate sanction. Those factors: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. It is with these factors in mind that the Court determines the appropriateness of the sanction of dismissal.

**Prejudice to Defendants**

The Court first considers the degree of actual prejudice to the Defendants. Hale failed to appear for his deposition. He did not file a notice of non-appearance, nor did he seek a court order protecting him from appearing at the deposition. Rather, he simply ignored his obligations under the rules of discovery and failed to appear. It is clear that Defendants are prejudiced by Hale's lack of cooperation. They are left to guess whether Hale has any evidence to support his contentions. While aware of the allegations in the complaint, Defendants are forced to speculate as to many aspects of Hale's claims. The prejudice to Defendants includes increased expense and delay.

Hale also failed to appear for a mandatory Rule 16 settlement conference. Prior to the conference, Hale did not contact the Court to request that the conference be vacated or continued. He did not advise defense counsel that he was not going to appear. Thus, defense counsel and Defendants' settlement representative appeared for the conference and were ready to proceed. The

2

conference could not proceed in Hale's absence and was vacated. Defendants were prejudiced in that they accrued costs and fees.

Because discovery could not be completed in a timely fashion, Defendants are forced to spend more time and money learning about Hale's claims. The delays caused by Hale's failure to comply with discovery obligations and his failure to appear for hearings, as well as his non-compliance with the rules of civil procedure, needlessly prolong this litigation. As a result, the goals of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* ("CJRA"), are thwarted. In the interim, a cloud of litigation hangs over Defendants' heads.

## **Interference with the Judicial Process**

Case management deadlines are imposed by the Court as a means of complying with the congressional mandate under the CJRA. This Act is intended, in part, to minimize delay and to advance the ultimate disposition of litigation. The establishment of case management deadlines expedites the disposition of cases and lessens the financial burdens implicit in litigation. The CJRA's legislative history states in part, "The purpose of this legislation is to promote for all citizens--rich or poor, individual or corporation, plaintiff or defendant--a just, speedy and inexpensive resolution of civil disputes in our Nation's federal courts." Pub. L. 101-650, <u>1990 U.S. Code Congressional and Administrative News</u>, p. 6804.

Hale's failure to appear for a Court-ordered settlement conference interfered with the Court's case management plan. Under the district's Civil Justice Expense and Delay Reduction Plan ("Plan"), promulgated pursuant to 28 U.S.C. § 472(a), civil cases of this nature must proceed to a settlement conference prior to trial. By Hale's failure to appear for the conference, he interfered with the Court's ability to meet its obligations under the Plan, and makes it impossible for this case to be

brought to a final conclusion within the deadlines imposed by the Plan for cases of this nature. Moreover, had Hale notified the Court that some reason existed why he couldn't attend this conference, the Court could have vacated the Rule 16 settlement conference and scheduled other hearings on the date reserved for that conference. Due to Hale's failure to attend and failure to give the Court advanced notice, the Court was unable to schedule other cases on that day's docket. Thus, Hale's failure to attend not only delayed this case, but interfered with the Court's to effectively manage other cases on its docket. The Court concludes that Hale's acts and omissions significantly interfered with the judicial process.

### Culpability of the Litigant

If the failure to comply with discovery obligations or court directives is the fault of the litigant's attorney, then the attorney is the proper party to suffer the sanction. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987). Here, Hale represents himself. Thus, there is no one else to blame. All failures to comply with discovery obligations, rules of procedures, the court's rules and court directives are his and the blame falls squarely on Hale's shoulders, and Hale should suffer the consequences of his acts and omissions.

### Prior Warnings

The Court next considers whether it gave a prior warning that the lawsuit may be dismissed. *See, e.g.*, Willner v. Univ. of Kansas, 848 F.2d 1020 (10th Cir. 1988). The Court's November 1, 2001 order specifically warned Hale of this consequence and stated as follows:

> Hale is directed to show cause, if any he has, why Fed. R. Civ. P. 16 and/or Rule 37 sanctions should not be entered, including dismissal of his case with prejudice, as a result of his failure to comply with

> discovery obligations, Court orders and directives. Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).
>
> Hale's written response and supporting affidavit should be filed with the Court no later than November 15, 2001. Failure to file a response to this order can result in imposition of sanctions, including monetary fines, striking claims or dismissal of the lawsuit with prejudice.

(Order to Show Cause, Doc. 23).

Thus, Hale was previously warned that sanctions could include dismissal with prejudice. Moreover, he was given an opportunity to explain why sanctions should not be imposed. Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465-66 (10th Cir. 1988). Hale chose to ignore the Court's warning and failed to avail himself of the opportunity to argue why sanctions shouldn't be imposed. The Court concludes that Hale was appropriately warned of the potential consequences of his ongoing violations and cannot claim any surprise.

## **Efficacy of Lesser Sanctions**

Here, notwithstanding the Court's earlier warnings in its order to show cause, Hale ignored the Court and continued to disregard his obligations under the rules of procedure and his obligations to opposing counsel. Such a callous disregard of the Court's authority cannot be ignored. Further, when the Court ordered Hale to show cause why sanctions shouldn't be imposed, he disregarded the Court's directive, just as he has ignored his discovery obligations. Given these repeated failures and refusals to comply with Court rules and directives, the Court has no optimism that Hale would comply with future directives if given a lesser sanction and afforded a further opportunity to litigate.

## **Conclusion**

The rules applicable to the effective, efficient and economical disposition of civil litigation should be fairly, but firmly, applied. There is not one set of rules to govern Hale's conduct and a

5

different set for Defendants. Both sides have obligations imposed by law intended to govern the resolution of disputes. Here, Defendants are in full compliance with their obligations, while Hale is not.

After consideration of the Ehrenhaus factors, the Court determines that the proper sanction is dismissal with prejudice.

IT IS THEREFORE ORDERED that this lawsuit is dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge